13-4615-cr
*United States v. Acosta*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of December, two thousand fourteen.

PRESENT:  ROBERT D. SACK,
                    DENNY CHIN,
                    SUSAN L. CARNEY,
                              *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                              13-4615-cr

ADRIAN PINZON-GALLARDO, AKA THE MEXICAN,
ARNOLDO AVINA-ROLON, DAVID CASTELLANO-
NUNEZ, ZACARIAS CEPEDA-NUNEZ, AKA
CARLOS, JOEL CODERO-SANTIAGO, AKA RIVERO
JOSE, RAMON GOMEZ, AKA MONCHO, WILSON
LEMUS, JAVISH ROSA, SERGIO RUBIO, JOSE
HERNANDEZ, AKA CHIETO, DWIGHT BROWN,
ANGEL FLORES, AKA FLACO, GABRIEL KELLY,
GEORGE SOTO, ALBERTO DELGADO, LUIS
PLASENCIA,
                              *Defendants*,

ANTOVANY ACOSTA, AKA TONY,

Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE: GABRIEL J. VIDONI, Assistant United States Attorney (S. Dave Vatti, Marc H. Silverman, Assistant United States Attorneys, *on the brief*), *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

FOR DEFENDANT-APPELLANT: FRANK J. RICCIO II, Law Offices of Frank J. Riccio LLC, Bridgeport, Connecticut.

Appeal from the United States District Court for District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Antovany Acosta appeals from a judgment entered on November 14, 2013 in the United States District Court for the District of Connecticut convicting him, following a jury trial, of conspiracy to distribute and to possess with intent to distribute heroin, and of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841, 846. The district court sentenced Acosta principally to 150 months' imprisonment. On appeal, Acosta argues that the district court: (1) erred in denying his post-trial motion for a judgment of acquittal on the conspiracy charge based on insufficient evidence; (2) abused its discretion in permitting a government witness to testify about the meaning of specific terms contained in wiretap calls; and (3) imposed a

- 2 -

substantively unreasonable sentence. We assume the parties' familiarity with the facts, the procedural history, and the issues presented for review.

## A. Sufficiency of the Evidence

In an appeal challenging the sufficiency of the evidence, we review the evidence in "the light most favorable to the government and credit every inference that the jury might have drawn in the government's favor." *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998) (per curiam); *see also United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999). "A verdict of guilty may be based entirely on circumstantial evidence as long as the inferences of culpability drawn from the circumstances are reasonable." *United States v. McPherson*, 424 F.3d 183, 190 (2d Cir. 2005). "The ultimate question is not whether *we believe* the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether *any rational trier of fact could so find*." *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998) (emphasis in original); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

To prove a charge of conspiracy, the government must demonstrate the conspiracy's existence and the defendant's knowing participation in the conspiracy. *United States v. Story*, 891 F.2d 988, 992 (2d Cir. 1989). Acosta argues that the evidence at trial did not support a finding that he had entered into a drug conspiracy with the other defendants in the case. We disagree.

A reasonable trier of fact could have found Acosta guilty of conspiracy beyond a reasonable doubt based on the evidence at trial. The government presented

evidence of three controlled purchases of heroin from Acosta, as well as surveillance of multiple meetings between him and his co-conspirator, Pinzon. The police also recovered twenty-seven bundles of heroin and $4,769 in cash from Acosta's apartment. Wiretaps revealed that Acosta and other defendants worked together to distribute heroin and that Acosta was primarily responsible for obtaining large quantities of heroin from Pinzon for redistribution. Indeed, the wiretaps captured Acosta boasting to an associate that he obtained "250 grams every 10 days" from "a Mexican connection" (apparently referring to Pinzon). App. at 534. Finally, a DEA agent testified that Acosta admitted in his post-arrest statement that he purchased at least fifty grams of heroin for redistribution from Pinzon on a monthly basis from February 2011 to September 2011. A reasonable juror could have inferred both the existence of a conspiracy and Acosta's knowledge of it. The district court thus did not err in rejecting Acosta's challenge to the sufficiency of the evidence.

## B. The Expert Testimony

"We review the district court's decision to admit or exclude expert testimony for an abuse of discretion." *United States v. Cruz*, 363 F.3d 187, 192 (2d Cir. 2004) (quoting *Fashion Boutique of Short Hills v. Fendi USA*, 314 F.3d 48, 59-60 (2d Cir. 2002)) (internal quotation marks omitted). Under Federal Rule of Evidence 702(a), an expert may testify if his "specialized knowledge will help the trier of fact to understand the evidence." When a law enforcement agent testifies as an expert about "the operation, symbols, jargon, and internal structure of criminal organizations," a court

must be cautious of officers straying from their expert functions and the "impermissible substitution of expert opinion for factual evidence" that may result. *United States v. Mejia*, 545 F.3d 179, 190 (2d Cir. 2008).

Acosta argues that the district court abused its discretion in admitting Agent Zuk's testimony as to the meaning of certain terminology used by Acosta and his co-defendants. Agent Zuk, however, testified that he did not listen to the wiretaps and was not involved in the Acosta investigation. His testimony was based on his experiences generally and not on any personal involvement in the case. We have upheld the use of expert testimony "regarding the parlance of the narcotics trade and the meaning thereof," *United States v. Nersesian*, 824 F.2d 1294, 1308 (2d Cir. 1987), where it may help the trier of fact "to understand the evidence or to determine a fact in issue," *United States v. Dukagjini*, 326 F.3d 45, 51 (2d Cir. 2003) (quoting Fed. R. Evid. 702(a)) (internal quotation marks omitted). Agent Zuk's testimony here fell within the appropriate bounds of expert law enforcement testimony, and thus the district court did not abuse its discretion.

C.    **Substantive Reasonableness**

A sentence imposed by the district court is substantively unreasonable only if it "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)) (internal quotation marks omitted). Accordingly, we will set

aside sentencing decisions only in "exceptional cases," as we will not substitute our judgment for that of the district court. *Id.*

In the PSR, the Probation Office calculated a Sentencing Guidelines range of between 135 and 168 months' imprisonment and did not identify any factors warranting a sentence outside of that range. The district court imposed a within-Guidelines sentence of 150 months' imprisonment, citing Acosta's organizational and leadership role in the conspiracy, prior drug felony conviction, lack of remorse, the quantity of drugs involved, and the consequences to families and drug addicts resulting from Acosta's drug-trafficking scheme. The district court's sentence was not substantively unreasonable.

We have reviewed Acosta's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk